BUCHALTER
A Professional Corporation
MATTHEW L. SEROR (SBN: 235043)
MANISHA MALHOTRA (SBN: 351309)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182
Email: mseror@buchalter.com

Attorneys for Defendant
MELT COSMETICS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| AUGUST IMAGE, LLC, | Case No. 2:24-cv-2086 HDV-DFM |
|---|---|
| Plaintiff, | **DEFENDANT MELT COSMETICS NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| vs. | |
| MELT COSMETICS, | |
| Defendant. | Date: July 25, 2024<br>Time: 10:00 a.m.<br>Courtroom: 5B |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on July 25, 2024 at 10:00 a.m. in Courtroom 5B of the above-captioned court, located at 350 W. 1st Street, Los Angeles, California 90012, defendant Melt Cosmetics ("Melt" or "Defendant") will and hereby does move this Court, in accordance with Federal Rules of Civil Procedure 12(b)(6) for an order dismissing the First Amended Complaint ("FAC") filed by Plaintiff August Image, LLC ("Plaintiff").

This motion is made following the Zoom conference of counsel pursuant to Local Rule 7-3, which took place on May 1, 2024 and thereafter on May 24, 2024. During the aforementioned conferences, the parties reached an impasse over the

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

Civil Action No. 2:24-cv-2086
DEFENDANT MELT COSMETICS NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

sufficiency of the allegations contained in Plaintiff's complaint. Declaration of Matthew Seror, ¶¶ 2-4. This motion follows.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the supporting Declaration of Matthew Seror, all of the pleadings, records and documents on file in this action, and such additional written and oral argument as may be presented prior to or at the hearing on this Motion.

DATED: May 31, 2024

BUCHALTER
A Professional Corporation

By:    /s/ *Matthew Seror*
MATTHEW L. SEROR
MANISHA MALHOTRA
Attorneys for Defendant
MELT COSMETICS

2

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

Civil Action No. 2:24-cv-2086
DEFENDANT MELT COSMETICS NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................6

II. FACTUAL BACKGROUND ..................................................................7

III. THE APPLICABLE LEGAL STANDARD.............................................8

IV. ARGUMENT............................................................................................9

    A. The FAC Fails to Allege Sufficient Facts to Afford Plaintiff Standing to Bring the Claims Alleged. ................................................9

    B. Even if Plaintiff is the Legal or Beneficial Owner of any Rights Afforded by the Copyright Act, Plaintiff Has Not Alleged it Held Such Rights When the Alleged Infringement Occurred......................11

V. CONCLUSION ......................................................................................12

3

Civil Action No. 2:24-cv-2086
DEFENDANT MELT COSMETICS NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................... 8, 9

*Balistreri v. Pacifica Police Dep't*,
    901 F.2d 696 (9th Cir. 1988) ............................................................................ 8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................... 8, 9

*Doelamo v. Karl-Heinz*,
    2014 U.S. Dist. LEXIS 72664 (Nev. Dist. Court May 27, 2014) ..................... 10

*EVO Brands, LLC v. Al Khalifa Grp. LLC*,
    657 F. Supp. 3d 1312 (C.D. Cal. 2023) ........................................................... 12

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
    896 F.2d 1542 (9th Cir. 1989) .......................................................................... 9

*Lopez v. Smith*,
    203 F.3d 1122 (9th Cir. 2000) ........................................................................ 12

*North Star Int'l v. Ariz. Corp. Comm'n*,
    720 F.2d 578 (9th Cir. 1983) ............................................................................ 8

*Pareto v. F.D.I.C.*,
    139 F.3d 696 (9th Cir. 1998) ............................................................................ 9

*Silvers v. Sony Pictures Entertainment*,
    402 F.3d 881 (9th Cir. 2005) ..................................................................... 7, 11

*Williamson v. Gen. Dynamics Corp.*,
    208 F.3d 1144 (9th Cir. 2000) .......................................................................... 8

**Statutes**

17 U.S.C. § 106 ...................................................................................................... 11

17 U.S.C. § 411 ........................................................................................................ 9

4

Civil Action No. 2:24-cv-2086
DEFENDANT MELT COSMETICS NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

17 U.S.C. § 501(b) .................................................................................................. 6, 9, 10, 11

Fed. R. Civ. P. 10(c) .................................................................................................................9

Fed. R. Civ. P. 12(b)(6) ..........................................................................................................8, 9

5

Civil Action No. 2:24-cv-2086
DEFENDANT MELT COSMETICS NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this copyright infringement case, Plaintiff August Image, LLC ("Plaintiff") alleges that in 2015 and 2016 Defendant Melt Cosmetics infringed six copyrighted photographs[1] by displaying the photographs on its social media pages. While Plaintiff is the party asserting the infringement claims, Plaintiff admittedly did not create the subject photographs, does not own the subject photographs and is not the party that registered them with the United States Copyright Office. Rather it is the actual photographers who created and own the subject photographs and who registered them with the Copyright Office. For its part, Plaintiff alleges that its connection to this dispute stems from agreements it allegedly entered into with the photographers whereby the photographers allegedly provided Plaintiff with certain rights, including the right to reproduce or distribute copies of the photographs by sale or license and the right to pursue both pre and post agreement acts of infringement. Plaintiff's First Amended Complaint ("FAC") does not attach copies of the purported written agreement or quote from them.

The Copyright Act provides that only the owner or beneficial owner of the exclusive rights afforded by the Copyright Act has standing to pursue infringement claims. 17 U.S.C. § 501(b). Because the FAC fails to sufficiently allege facts to establish that Plaintiff is the owner or beneficial owner of any such rights, the FAC fails to adequately allege that Plaintiff has standing to pursue the infringement claims alleged. On this basis, Defendant's motion to dismiss should be granted.

Aside from the foregoing, and even if the Court finds that Plaintiff is an owner (or beneficial owner) of any copyright rights, Plaintiff would only have standing to bring this claim if it was the owner or beneficial owner of the right

---

[1] The six allegedly infringed photographs were taken by five photographs. See FAC, ¶¶ 15, 17, 20, 23, 26, and 29.

6

Civil Action No. 2:24-cv-2086
DEFENDANT MELT COSMETICS NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

infringed *at the time the infringement occurred. Silvers v. Sony Pictures Entertainment*, 402 F.3d 881, 890 (9th Cir. 2005). The alleged infringements occurred in 2015 and 2016. Plaintiff's FAC fails to allege that Plaintiff was an owner or beneficial owner at that time. In fact, the FAC (and the Exhibits thereto) indicate the photographers, and not Plaintiff, owned all rights in the photographs in 2018 and 2021 when the photographs were recorded with the Copyright Office. Because the FAC has not alleged that Plaintiff was the legal or beneficial owner of the rights allegedly infringed by Defendant at the time the infringement occurred, the FAC fails to adequately allege that Plaintiff has standing, and by extension fails to state a claim for copyright infringement. This provides an independent basis for granting Defendant's motion.

## II.   FACTUAL BACKGROUND

Plaintiff's FAC alleges that Defendant infringed six photographs in 2015 and 2016 when it allegedly posted copies of the photographs on its social media pages. FAC ¶¶ 36-41, 43. The six photographs were taken by five separate photographers, Ben Hassett, Benjamin Lennox, David Slijper, Kenneth Willardt, and Mark Williams & Sara Hirawaka (the "Photographers"). FAC, ¶¶ 15, 17, 20, 23, 26, and 29. The Photographers each subsequently applied for and obtained copyright registration for the photographs from the United States Copyright Office. One of the photographs (Photograph Six) was registered with the Copyright Office in 2018. FAC, ¶ 30. The other five photographs were registered with the Copyright Office in 2021. FAC, ¶¶ 16, 18, 21, 24, 27. Plaintiff is not listed as either the author or the claimant in any of the six copyright registrations. *Id.*, and **Exhibits "A" – "F"** to FAC.

Plaintiff alleges that it entered into one or more written agreements with each of the Photographers pursuant to which the Photographers conveyed to Plaintiff certain rights in the photographs, including but not limited to the exclusive right to

7

Civil Action No. 2:24-cv-2086

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

DEFENDANT MELT COSMETICS NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

reproduce the Work in copies and the exclusive right to distribute copies of the photos to the public by sale and/or licensing. FAC ¶ 33. Additionally, Plaintiff alleges that the written agreements conveyed to Plaintiff the right to pursue claims for the infringement of the photographs FAC ¶ 33.  Plaintiff fails to attach any of the referenced agreements to the FAC.

### III.   THE APPLICABLE LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if it fails to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Although the court must accept the plaintiff's well-pled factual allegations as true and in a light most favorable to the plaintiff, *North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983), dismissal is warranted where it appears the plaintiff cannot prove any "set of facts in support of the claim that would entitle it to relief," *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1150 (9th Cir. 2000). The court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has "facial plausibility" if the plaintiff pleads facts that "allow [ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In resolving a Rule 12(b)(6) motion, a court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. In other words, a pleading must set forth allegations that have "factual content that allows the court to draw the reasonable

8

Civil Action No. 2:24-cv-2086
DEFENDANT MELT COSMETICS NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

inference that the defendant is liable for the misconduct alleged." *Id.* Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998) (mere "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."). If there are well-pleaded factual allegations, then a court also must "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. There is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.*

In deciding a motion to dismiss under Rule 12(b)(6), a court may consider exhibits attached to the complaint. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989) ("material which is properly submitted as part of the complaint may be considered" when ruling on Rule 12(b)(6) motion).

## IV. ARGUMENT

### A. The FAC Fails to Allege Sufficient Facts to Afford Plaintiff Standing to Bring the Claims Alleged.

Only "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b).

Plaintiff does not own any of the six photographs at issue. FAC, ¶¶ 19, 22, 25, 28, 31 (confirming that the individual photographers who created the subject photographs own the photos and have "remained the owner[s] at all times material hereto.") Having conceded that Plaintiff does not possess the outright ownership of the works at issue, Plaintiff only has standing to pursue the claims alleged if it is the

9

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

Civil Action No. 2:24-cv-2086
DEFENDANT MELT COSMETICS NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

owner (or beneficial owner) of any of the exclusive rights afforded the owner of copyright.

The relevant allegations in the FAC on this issue are confined to Paragraph 33, where Plaintiff alleges that it has entered into written agreements with the Photographers who have provided Plaintiff with the exclusive right to reproduce copies or the photographs or distribute copies of the works to the public by sale or license. See FAC, ¶ 33. FAC also alleges that Plaintiff's agreements with the Photographers convey to Plaintiff the right to pursue infringement claims "whether such infringements arose prior to execution of the written agreement(s) or thereafter." *Id.*

The allegations of the FAC are insufficient to establish that Plaintiff is the owner (or beneficial owner) of any of the exclusive rights bestowed upon the owner of a copyright. While "one or more written agreements" are referenced, Plaintiff failed to identify when the purported agreements were entered into, the terms of the referenced agreements or even that the agreements are still valid. By refusing to provide these details (or to attach the relevant agreements to the FAC) the Plaintiff is essentially asking to Court and parties to take its word for it. *Doelamo v. Karl-Heinz*, 2014 U.S. Dist. LEXIS 72664, *2 (Nev. Dist. Court May 27, 2014) (in evaluating the sufficiency of plaintiff's complaint, "a court may not simply take a plaintiff's word for it.") Here, Plaintiff's FAC does nothing more than to ask the Court to "take its word for it" that adequate agreements exist as between Plaintiff and the Photographers.

Plaintiff's allegation that the Photographers assigned to Plaintiff their accrued infringement causes of action not only fails to cure the inadequacy of the aforementioned allegations, it is insufficient as a matter of law to afford Plaintiff standing to bring the claims alleged. That is because the Copyright Act does not permit the assignment of a cause of action for the purposes of affording a plaintiff

10

Buchalter
A Professional Corporation
Irvine

Civil Action No. 2:24-cv-2086
DEFENDANT MELT COSMETICS NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

standing. *Silvers v. Sony Pictures Entertainment*, 402 F.3d 881, 890 (9th Cir. 2005) ("The bare assignment of an accrued cause of action is impermissible under 17 U.S.C. § 501(b)).").

Because Plaintiff's FAC fails to allege facts to support the allegation that Plaintiff is the legal or beneficial owner of any exclusive rights granted by the Copyright Act, the FAC fails to sufficient allege Plaintiff's standing. As a result, Defendant's motion should be granted.

**B. Even if Plaintiff is the Legal or Beneficial Owner of any Rights Afforded by the Copyright Act, Plaintiff Has Not Alleged it Held Such Rights When the Alleged Infringement Occurred.**

In addition to needing to establish that it is the legal or beneficial owner of at least one of the exclusive rights set forth in 17 U.S.C. § 106, Plaintiff must also establish that it held those rights at the time the alleged infringement occurred. *Silvers, supra*, 402 F.3d at 885 ([T]he plaintiff must have a legal or beneficial interest in at least one of the exclusive rights described in [15 U.S.C.] § 106. Additionally, in order for a plaintiff to be 'entitled … to institute an action' for infringement, the infringement must be 'committed while he or she is the owner of' the particular exclusive right allegedly infringement.")

As applied to this case, even if the court were to find that Plaintiff did hold a legal or beneficial interest in one of the exclusive rights provided by the Copyright Act, in order to have standing, Plaintiff must have held that right at the time the alleged infringement occurred. *Id*.

The FAC alleges that the alleged infringements occurred either in 2015 (First, Second, Fifth and Sixth Photographs) or 2016 (Third and Fourth Photographs). But Plaintiff's FAC fails to offer any allegations that Plaintiff held any rights in the photographs in 2015 or 2016. In fact, the evidence offered with the FAC contradicts Plaintiff having any interest in the photographs in either 2015

11

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

Civil Action No. 2:24-cv-2086
DEFENDANT MELT COSMETICS NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

or 2016. Attached to the FAC as **Exhibits "A"-"F"** are the copyright registration certificates for the photographs at issue. The certificates are dated either in 2018 (photograph no. 6) or 2021 (photograph nos. 1-5). Each certificate lists the applicable photographer as the owner and copyright claimant, contradicting any inference that Plaintiff held any rights in the photographs as of the registration date. And if Plaintiff did not have rights in the photographs in 2018 or 2021 (when the photographer who created the photographs still possessed all rights and filed the copyright applications) it stands to reason that the Plaintiff did not have any rights in the photographs three to six years prior to the applications being filed (when the alleged infringement occurred). There are certainly no allegations in the FAC from which such a conclusion could be drawn.

Because the FAC (and the exhibits thereto) fails to include facts sufficient to allege that Plaintiff held any legal or beneficial interest in the photographs at issue when the alleged infringement occurred, Plaintiff lacks standing to pursuant to infringement claims alleged and the Defendant's motion should be granted.

## V.  CONCLUSION

Because the FAC fails to allege that Plaintiff is the legal or beneficial owner of the rights allegedly infringed by the Defendant, a dismissal of the FAC is appropriate. Moreover, and even if the Court determines that the FAC adequately alleges that Plaintiff is the legal or beneficial owner of any copyright rights, a dismissal with prejudice[2] of the FAC is still appropriate because the FAC fails to allege that Plaintiff held that interest in 2015 and 2016 when the alleged infringement occurred.

---

[2] A dismissal with prejudice is appropriate when any amendment would be futile. Here, because there are no set of facts which could afford Plaintiff an interest in the photographs in 2015 or 2016, any attempt by Plaintiff to amend its complaint would be futile. *See EVO Brands, LLC v. Al Khalifa Grp. LLC,* 657 F. Supp. 3d 1312, 1320 (C.D. Cal. 2023) ("a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts") (*citing Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)).

12

Civil Action No. 2:24-cv-2086
DEFENDANT MELT COSMETICS NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

DATED: May 31, 2024

BUCHALTER
A Professional Corporation

By: _____/s/ *Matthew Seror*_____
MATTHEW L. SEROR
MANISHA MALHOTRA
Attorneys for Defendant
MELT COSMETICS

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

13

Civil Action No. 2:24-cv-2086
DEFENDANT MELT COSMETICS NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT