Lauren M. Hausman, (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877) 437-6228
E: lauren@copycatlegal.com

Attorney for Plaintiff

AUGUST IMAGE, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC,<br><br>　　Plaintiff,<br><br>v.<br><br>MELT COSMETICS,<br><br>　　Defendant. | Civil Action No. 2:24-cv-2086<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS** |

　　Plaintiff August Image, LLC ("Plaintiff") hereby files this Memorandum of Points and Authorities in Opposition to defendant Melt Cosmetics' ("Defendant") Motion to Dismiss Plaintiff's Amended Complaint (the "Motion") [D.E. 18].

1

## INTRODUCTION

Plaintiff filed this lawsuit asserting one claim for copyright infringement with respect to Defendant's publication/display of six of Plaintiff's photographs (collectively, the "Work"). Plaintiff alleges that Defendant published/displayed the Work on its website in 2015 and 2016 without Plaintiff's permission/authorization. The Motion seeks dismissal on the basis that Plaintiff does not adequately allege standing. Accepting Plaintiff's allegations as true (as the Court must do at the motion to dismiss stage), Defendant's arguments for dismissal fail.

## BACKGROUND

1. The Complaint alleges that Plaintiff is a licensing agency that represents over 100 professional photographers.[1]

2. This lawsuit concerns Defendant's alleged unauthorized display and/or publication of six (6) photographs that were created by five (5) different photographers.[2]

---

[1] See Complaint, at ¶¶ 6 – 8.

[2] Id. at ¶¶ 15 – 30.

3. The Complaint alleges that each of the photographers owns the copyright in his/her respective photograph(s).[3]

4. The Complaint goes on, however, to allege:

> 33. For all times relevant to this action, Plaintiff and the above-named photographer(s) were parties to one or more written agreements whereby such photographer(s) conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing. Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).
>
> 55. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Work by the subject photographer(s)).

---

[3] Id. at ¶¶ 50 – 54.

5. Having alleged that Plaintiff was sufficiently conveyed one or more exclusive rights under the Copyright Act, the Complaint goes on to allege that Defendant displayed each of the subject photographs on its social media page without Plaintiff's permission.[4]

## ARGUMENT

### I. Legal Standard

Defendant argues that Plaintiff lacks standing to pursue its copyright infringement claim because it is not the owner of the copyrights at issue. This is an issue of statutory standing and, therefore, properly assessed under Fed. R. Civ. P. 12(b)(6). "Lack of statutory standing (as opposed to constitutional standing) is properly raised as grounds for dismissal by way of a motion under Rule 12(b)(6) rather than Rule 12(b)(1)." Payne v. Manilow, No. CV183413PSGPLAX, 2018 U.S. Dist. LEXIS 219664, 2018 WL 6321638, at *3 (C.D. Cal. Oct. 29, 2018) (citing Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011)). In the context of the Copyright Act, the Ninth Circuit has held that a motion to dismiss on the basis that the plaintiff does not have an ownership interest in the copyright should be addressed under Rule 12(b)(6) for failure to state a claim rather than

---

[4] Id. at ¶¶ 36 – 43.

Rule 12(b)(1) for lack of subject matter jurisdiction, "for the issue is statutory rather than Article III standing." Minden Pictures, Inc. v. John Wiley & Sons, Inc., 795 F.3d 997, 1001 (9th Cir. 2015) (citing Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 127 28, 134 S. Ct. 1377, 188 L. Ed. 2d 392 (2014); Cetacean Cmty. v. Bush, 386 F.3d 1169, 1172 73 (9th Cir. 2004)).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must determine whether the challenged pleading "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court ""accept as true a legal conclusion couched as a factual allegation." Id. at 678-80. Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

## II. Plaintiff Sufficiently Alleges Standing

In order to have statutory standing to bring a federal copyright infringement claim, a plaintiff must be the legal or beneficial owner of the copyright. See Warren v. Fox Fam. Worldwide, Inc., 328 F.3d 1136, 1138 (9th Cir. 2003) ("Concluding that Warren has no standing to sue for infringement because he is neither the legal nor beneficial owner of the copyrights in question, we affirm the district court's Rule 12 dismissal f Warren's complaint."); see also Silvers v. Sony Pictures Ent., Inc., 402 F.3d 881, 883 (9th Cir. 2005) ("May an assignee who holds an accrued claim for copyright infringement, but who has no legal or beneficial interest in the copyright itself, institute an action for infringement? . . . [W]e answer that question 'no.'").

"A legal owner can be the copyright claimant or an assignee or exclusive licensee of a particular exclusive right." Premier Tracks, LLC v. Fox Broad. Co., No. 12CV01615DMGPJWX, 2012 U.S. Dist. LEXIS 189754, 2012 WL 13012714, at *5 (C.D. Cal. Dec. 18, 2012); see also 17 U.S.C. § 101 ("'Copyright owner,' with respect to any one of the exclusive rights comprised in a copyright, refers to the owner of that particular right.") And the Ninth Circuit has explained that "[w]hile the Copyright Act does not define 'beneficial ownership' . . . '[t]he classic example of a beneficial owner is an author who ha[s] parted with legal title to the

copyright in exchange for percentage royalties based on sales or license fees.'" Fahmy v. Jay-Z, 908 F.3d 383, 394 (9th Cir. 2018) (quoting DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC, 870 F.3d 978, 988 (9th Cir. 2017) (internal quotations omitted); see also Love v. The Mail on Sunday, No. CV057798ABCPJWX, 2006 U.S. Dist. LEXIS 95456, 2006 WL 4046180, at *10 (C.D. Cal. Aug. 15, 2006) ("'When a composer assigns copyright title to a publisher in exchange for the payment of royalties, an equitable trust relationship is established between the two parties which gives standing to sue for infringement of that copyright.'" (quoting Cortner v. Israel, 732 F.2d 267, 271 (2nd Cir.1984))).

Here, Defendant argues that the First Amended Complaint is insufficient to confer standing because it fails to "allege facts to establish that Plaintiff is the owner or beneficial owner of any such rights … at the time of the infringement" and, therefore, does not allege that Plaintiff has standing.[5] Fundamentally, Defendant's argument is that the allegations in the First Amended Complaint are not enough to confer standing, ***not*** that the allegations themselves are outright false and Defendant did not introduce any evidence to support such a claim. *Contra* Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (noting a

---

[5] See Motion, at p. 6-7.

jurisdictional challenge was a factual attack where it **relied on extrinsic evidence** and did not assert lack of subject matter jurisdiction solely on the basis of the pleading) (emphasis added). Accordingly, Defendant attacks the sufficiency of the Complaint itself and the attack is therefore facial. As such, the Court must take the material allegations of the Complaint as true and construed in the light most favorable to the nonmoving party. See Vampire Family Brands v. Mpl Brands, No. CV 20-9482-DMG (ASx), 2021 U.S. Dist. LEXIS 174965, at *10 (C.D. Cal. Aug. 6, 2021) ("When resolving a facial attack, a court 'take[s] the allegations in the plaintiff's complaint as true.'").

Specifically, Defendant raises two (2) arguments to attack Plaintiff's standing: (a) Plaintiff has not alleged it acquired sufficient rights nor when it acquired such sufficient rights, and (b) Plaintiff fails to attach the agreement(s) which convey such rights to the First Amended Complaint.[6] Each argument is addressed in turn.

As set forth above, Paragraph 33 of the First Amended Complaint plainly alleges:

---

[6] Id.

8

> 33. For all times relevant to this action, Plaintiff and the above-named photographer(s) were parties to one or more written agreements whereby such photographer(s) conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing. Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

Paragraph 55 of the First Amended Complaint further allege:

> 55. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Work by the subject photographer(s)).

These allegations, taken as true, firmly establish that Plaintiff has standing to pursue this action. Moreover, Defendant's argument that Plaintiff does not have standing because it did not allege holding those rights in 2015 or 2016 is not what determines whether Plaintiff has sufficient interests to confer standing. Rather, so

long as those interests and rights to pursue past infringements were conveyed, Plaintiff has standing to sue. See Silvers v. Sony Pictures Entm't, Inc., 402 F.3d 881, 890 (9th Cir. 2005) (explaining that a clause stating "any and all rights assertable under copyright against the Infringing Composition in any part of the world which may have heretofore arisen or which may hereafter arise" was sufficient to confer standing). *Contra* Lanard Toys Ltd. v. Novelty Inc., 511 F.Supp.2d 1020, 1033 (C.D.Cal.2007) (finding that plaintiff could not sue for infringement that occurred prior to assignment of assets from predecessor company where the assignment "did not expressly convey [the predecessor company's] **existing claims for infringement**") (emphasis added). Here, Plaintiff has alleged that the written agreements convey the exclusive right to pursue any infringement, whether they arose prior to the execution of the agreement or thereafter.

Minden Pictures, Inc. is instructive here. There (as here), the plaintiff (Minden Pictures, Inc.) alleged that it was a licensing agent for various photographers who had entered into written assignment/agency agreements with such photographers. Minden Pictures filed a copyright infringement lawsuit against a licensee (John Wiley & Sons, Inc.) who vastly exceeded the terms of its license. Notably, Minden Pictures, Inc. was an appeal of a ***summary judgment*** (rather than a motion to dismiss)in favor of the defendant finding that Minden Pictures, Inc. did not have standing to pursue claims on behalf of the subject

photographers by virtue of its agency/assignment agreements. In reversing the district court and finding that Minden Pictures, Inc. did have standing, the 9th Circuit stated:

> Under the Agency Agreements, Minden is the "sole and exclusive agent and representative with respect to the Licensing of any and all uses" of the photographs. That is, the photographers have promised that Minden, and only Minden, will have the power, as the photographers' licensing agent, to authorize third parties to reproduce, distribute, and display the photographs. That the photographers have retained some limited degree of authority to grant licenses themselves does not eliminate Minden's interest in the copyright as the sole entity to act as the photographers' licensing agent. It merely means that both Minden and the photographers, under the terms of the Agreements, can prevent those third parties who have not received permission to use the photographs from using them. To hold otherwise would be inconsistent with the divisibility principle embodied by the 1976 Act.
>
> To hold otherwise would also be inconsistent with common sense. If the photographers had never entered into the Agency Agreements, but instead had issued licenses directly to Wiley, there would be no doubt that they could bring infringement actions over the violations Minden alleges in its complaint. We see no reason why, having appointed Minden to manage the commercial use of their photographs in the first instance as their licensing agent, the photographers should not also be able to rely on Minden to protect and defend the licenses that it has issued on their behalf. Nothing in the text of the Copyright Act, nor in the Agency Agreements, compels a contrary conclusion.
>
> By honoring the parties' contracting expectations, we also remove what would otherwise be a significant

> practical disadvantage in seeking to protect a copyrighted work. If Minden could not bring an infringement suit on behalf of the photographers for whom it serves as a licensing agent, those photographers would have to bring suit individually, either in individual actions or in a single suit under Federal Rule of Civil Procedure 20. Both procedural alternatives have significant disadvantages. In a suit against Wiley brought by an individual photographer, alleging infringement only as to his or her own photographs, the expenses of litigation would very likely dwarf any potential recovery. And in a suit under Rule 20, both the total cost of litigation and the burdens of coordination would be significant, given the complexities of litigating on behalf of thirty-some named plaintiffs. The practical disadvantages of these two alternatives compared with the prospect of licensing agents bringing suit as sole plaintiffs are likely obvious to defendants such as Wiley, and it is not implausible that Minden's inability to bring an infringement suit would be an incentive to engage in infringing behavior.
>
> Because we conclude that the Agency Agreements convey the rights to reproduce, distribute, and display the photographs to Minden via an "exclusive license" to grant licenses to third parties, we hold that Minden may bring an infringement action to remedy the unauthorized reproduction, distribution, and display of the photographs by those to whom it has granted licenses.

See Minden Pictures, Inc., 795 F.3d at 1005-06. Plaintiff's allegations here are no less than the language of the agreements at issue in Minden Pictures, Inc. – indeed, they are more extensive in that Plaintiff does not simply allege itself to be a "licensing agent" but rather specifically states that Plaintiff was conveyed the exclusive right to distribute/reproduce the subject photographs.

Second, Defendant's 'failure to attach' argument does not merit serious discussion. As the Court knows, Plaintiff has no obligation to attach the written agreements with its photographers (or frankly any other document) to the First Amended Complaint. See Promotions v. Zaslavsky, No. CV 16-02227-RAO, 2016 U.S. Dist. LEXIS 195406, at *25 (C.D. Cal. Oct. 5, 2016) ("As with allegations of ownership, it is sufficient at the pleading stage for a claimant to allege, without more, that the claimant has registered a copyright in the relevant work"); Imageline, Inc. v. CafePress.com, Inc., 2011 U.S. Dist. LEXIS 39828, 2011 WL 1322525, at *3 (C.D. Cal. Apr. 6, 2011) (sufficient that plaintiff had alleged that "[e]ach Image is owned by Plaintiff, contains copyrightable subject matter under the laws of the United States, and has been registered with the United States Copyright Office;" court was "not willing to institute ... a requirement" that a plaintiff "must attach the 'copyright registrations at issue' or other information identifying specific copyright registrations"); Exist, Inc. v. Shoreline Wear, Inc., No. LA CV14-08358 JAK (RZx), 2015 U.S. Dist. LEXIS 187124, at *8 (C.D. Cal. Mar. 17, 2015) (finding the allegation that "[a]t all times relevant hereto, Plaintiffs [sic] have been the owners of all right, title, and interest to each of the copyrights in this suit" is adequate to satisfy the "ownership of a valid copyright" element). Accordingly, Defendant's contention that the Plaintiff lacks standing does not meet the applicable standards.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a) denying the Motion; (b) requiring Defendant to file its Answer to the First Amended Complaint within 14 days of the denial of the Motion; and (c) for such further relief as the Court deems proper.

Dated:  June 14, 2024.                                         **COPYCAT LEGAL PLLC**


By: /s/ Lauren M. Hausman
Lauren M. Hausman, Esq.
Attorney for Plaintiff
August Image, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Lauren M. Hausman
Lauren M. Hausman, Esq