BUCHALTER
A Professional Corporation
MATTHEW L. SEROR (SBN: 235043)
MANISHA MALHOTRA (SBN: 351309)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182
Email: mseror@buchalter.com

Attorneys for Defendant
MELT COSMETICS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| AUGUST IMAGE, LLC, | Case No. 2:24-cv-2086 HDV-DFM |
|---|---|
| Plaintiff, | **DEFENDANT MELT COSMETICS REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** |
| vs. | |
| MELT COSMETICS, | Date: August 1, 2024 |
| Defendant. | Time: 10:00 a.m. |
| | Courtroom: 5B |

Defendant Melt Cosmetics ("Melt" or "Defendant") files this reply in support of its previously filed Motion to Dismiss Plaintiff's first amended complaint. For the reasons set forth herein and in the Motion, Defendant respectfully requests that the Court grant the Motion to Dismiss.

## I. PLAINTIFF'S OPPOSITION IGNORES THE COPYRIGHT ACT AND BINDING NINTH CIRCUIT PRECEDENCE

The Copyright Act, at 17 U.S.C. § 501(b), provides: "the legal or beneficial owner of an exclusive right under a copyright is entitled ... to institute an action for any infringement of that particular right committed while he or she is the owner of it."  Given the plain language of the statute, it is not surprising that binding Ninth Circuit precedent supports the view that a copyright infringement plaintiff only has standing to bring a claim if it was the owner or beneficial owner of the right infringed *at the time the infringement occurred. Silvers v. Sony Pictures Entertainment*, 402 F.3d 881, 890 (9th Cir. 2005) ("*Silvers*").

In its Opposition, Plaintiff misstates this principle by asserting, "Rather, so long as those interests and rights to pursue past infringements were conveyed, Plaintiff has standing to sue. See Silvers v. Sony Pictures Entm't, Inc., 402 F.3d 881, 890 (9th Cir. 2005) (explaining that a clause stating "any and all rights assertable under copyright against the Infringing Composition in any part of the world which may have heretofore arisen or which may hereafter arise" was sufficient to confer standing)." Opposition, at p. 9:21-10:6. This argument erroneously attributes language from a Second Circuit case, *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971 (2d Cir. 1991) ("*ABKCO Music*"), to *Silvers*, creating a misleading impression that the holding in *ABKCO Music* was adopted by or was actually a holding of the Ninth Circuit in *Silvers.* That is not the case.

The language Plaintiff quotes does not originate from the Ninth Circuit's opinion in *Silvers*. Instead, it is derived from *ABKCO Music*, a case decided by the Second Circuit, which has no bearing on the Ninth Circuit's precedent or this Court. *ABKCO Music* related to a copyright dispute where ABKCO purchased both the copyright to a song and the rights to any claims against infringements of that song. The court ruled that ABKCO could sue for infringements that occurred before it

acquired the copyright because it also bought the claims themselves along with the copyright in 1978. This decision was limited to cases where the same entity purchases both the copyright and the accrued claims, and the court clarified that a party with no ownership interest in the copyright has no standing to sue.[1] The Ninth Circuit in *Silvers* explicitly rejected this approach, holding that under the Copyright Act, the right to sue for past infringements does not transfer unless the assignee owned the copyright at the time of the infringement.

Therefore, Plaintiff's argument fails as it relies on a misinterpretation of *Silvers* and the distinguishable *ABKCO Music* holding. The accurate reading of *Silvers* and the explicit language of 17 U.S.C. § 501(b) make it clear that Plaintiff does not have standing to bring this claim, as it was not the owner or beneficial owner of the right at the time the alleged infringement occurred in 2015 and 2016. In fact, the FAC indicates that the photographers, not the Plaintiff, held all rights to the photographs in 2018 and 2021 when they were registered with the Copyright Office. Since the FAC does not claim that the Plaintiff was the legal or beneficial owner of the rights allegedly infringed by the Defendant at the time of the infringement, it fails to establish that the Plaintiff has standing.

## II.     PLAINTIFF HAS NOT ALLEGED SUFFICIENT FACTS IN ITS FAC

Plaintiff's Opposition misconstrues the Motion as seeking the dismissal of the Complaint because Plaintiff failed to attach the agreement existing between Plaintiff and the photographers who took the photographs at issue.  Not so. The motion does not seek the dismissal of the Complaint because the agreement is not attached. Rather, the Motion argues that Plaintiff's FAC fails to sufficiently allege that Plaintiff owned rights in the photographs at issue at the time the alleged infringement occurred, i.e. in 2015/2016.

---

[1] Even if this Court is persuaded by *ABKCO Music*, this decision is limited to when the assignee purchases the related rights. Plaintiff has failed to allege that it purchased any rights from the photographers identified in the FAC, making the *ABKCO Music* case distinguishable from this case.

The failure to attach the operative agreement is not an independent basis for dismissal but rather supports the argument that the FAC fails to allege sufficient facts to support Plaintiff's assertion that it owned the works at issue at the time the infringement occurred. Said another way, the inclusion of an agreement as an exhibit to a complaint may cure insufficient allegations in a compliant by incorporating the terms of the agreement into the allegations. But without the benefit of an agreement, the allegations of the complaint must stand on its own. In this case, the allegations in the FAC standing alone fail to sufficiently allege that Plaintiff had an interest in the works allegedly infringed at the time of the alleged infringement. As a result, Plaintiff cannot state a claim for infringement pursuant to 17 U.S.C. § 501(b) and the FAC must be dismissed.

## III. CONCLUSION

Section 501(b) of the Copyright Act provides that the legal or beneficial owner of a copyright can institute an infringement action "for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). The language of the statute is clear and requires that the plaintiff asserting the infringement claim be the owner of the work at the time the infringement occurred. Here, Plaintiff has failed to allege it owned any rights in the works at the time the alleged infringement took place in 2021. As a result, Plaintiff fails to sufficiently allege an infringement claim and a dismissal of the FAC is appropriate.

DATED: July 11, 2024

BUCHALTER
A Professional Corporation

By: _/s/ Matthew Seror_
MATTHEW L. SEROR
MANISHA MALHOTRA
Attorneys for Defendant
MELT COSMETICS