UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MELT COSMETICS,<br><br>　　　　　Defendant. | Case No. 2:24-cv-02086 HDV (DFMx)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [DKT. NO. 18]** |

## I. INTRODUCTION

Plaintiff August Image, LLC brings this action against Defendant Melt Cosmetics, asserting copyright infringement of six photographs. Before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("Motion"), brought under Federal Rule of Civil Procedure 12(b)(6). [Dkt. No. 18]. Defendant seeks dismissal of the First Amended Complaint ("FAC") on the ground that Plaintiff does not have standing to bring its claims because it does not adequately allege it is the legal or beneficial owner of any rights under the Copyright Act. It further argues that the FAC must be dismissed because Plaintiff did not own the relevant rights at the time the alleged infringements occurred.

For the reasons discussed below, the Court finds that the FAC more than sufficiently alleges the Plaintiff's exclusive rights to the works at issue in this action, including the right to sue over the purported infringement. Nothing more is required at this pleading stage. The Motion is denied.

## II. BACKGROUND

Plaintiff is an agency that represents portrait, lifestyle, beauty, and fashion photographers for editorial and commercial licensing. FAC ¶ 7 [Dkt. No. 17]. It represents six photographers who each published one of six photographs[1] at issue in this action (collectively referred to as the "Asserted Works"). *Id.* ¶¶ 9–32. Plaintiff and the six photographers entered into written agreements in which the photographers conveyed to Plaintiff "certain exclusive rights" in the Asserted Works, including the "exclusive rights" "to reproduce the Work[s] in copies," "to distribute copies of the Work[s] to the public by sale and/or licensing," and "to pursue any infringements of the Work[s], whether such infringements arose prior to execution of the written agreement(s) or thereafter." *Id.* ¶ 33.

---

[1] Plaintiff represents photographers Ben Hassett, Benjamin Lennox, David Slijper, Kenneth Willardt, Mark Williams, and Sara Hirawaka, who each published and owned the First through Sixth Photographs, respectively, which comprise the Asserted Works. FAC ¶¶ 9–31.

2

Defendant is a cosmetic brand. *Id.* ¶ 34. Plaintiff alleges that Defendant displayed and/or published each of the Asserted Works on its website or social media page between July 1, 2015 and July 26, 2016, without a license to do so. *Id.* ¶¶ 36–41, 43, Ex. G.

Plaintiff initiated this action on March 14, 2024. Complaint [Dkt. No. 1]. After Plaintiff filed the FAC on May 17, 2024, Defendant filed this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

## III. LEGAL STANDARD

The issue of whether a party has a statutory right to sue for infringement under the Copyright Act is properly addressed in a Rule 12(b)(6) motion to dismiss. *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 1001 (9th Cir. 2015) (distinguishing between statutory standing and Article III standing, which is challenged in a Rule 12(b)(1) motion for dismissal) (citations omitted).

Under Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Only where a plaintiff fails to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

---

[2] The Motion is fully briefed. *See* Plaintiff's Opposition [Dkt. No. 19]; Defendant's Reply [Dkt. No. 26]. The Court heard oral argument on August 1, 2024 and took the matter under submission. [Dkt. No. 29].

## IV. DISCUSSION

### A. Legal Ownership

Defendant argues in the main that Plaintiff fails to adequately allege its standing to bring its claims under the Copyright Act. Motion at 9–11. Defendant contends that Plaintiff's allegations are insufficient because it "failed to identify when the purported agreements were entered into, the terms of the referenced agreements or even that the agreements are still valid." *Id.* at 10. It does not question the plausibility of Plaintiff's allegations; rather, Defendant cavils that Plaintiff "does nothing more than to ask the Court to 'take its word for it.'" *Id.* Defendant also questions Plaintiff's standing to sue by pointing to the Ninth Circuit's statement that, "The bare assignment of an accrued cause of action is impermissible under 17 U.S.C. § 501(b)." *Silvers v. Sony Pictures Entertainment, Inc.*, 402 F.3d 881, 890 (9th Cir. 2005).

None of these arguments has any merit.

Under the Copyright Act, "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). The exclusive licensee of particular rights can be the legal owner of those rights and has standing to sue for infringement of those rights. *See Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1170 (9th Cir. 2013) (citation omitted); 17 U.S.C. § 101 ("'Copyright owner,' with respect to any one of the exclusive rights comprised in a copyright, refers to the owner of that particular right."); *Minden Pictures*, 795 F.3d at 999 (a "party granted an exclusive license to display a work may bring an infringement action challenging the unauthorized display of that work by another party, even though the licensee does not hold legal title to the work."); *Premier Tracks, LLC v. Fox Broad. Co.*, No. 12-CV-01615-DMG-PJWX, 2012 WL 13012714, at *5 (C.D. Cal. Dec. 18, 2012) ("A legal owner can be the copyright claimant or an assignee or exclusive licensee of a particular exclusive right." (citing *Silvers*, 402 F.3d at 888)).

Here, Plaintiff alleges that through written agreement with the creators and owners of the Asserted Works, it was conveyed the exclusive rights to reproduce them and to sue for related infringements. FAC ¶ 33. This allegation, accepted as true, is sufficient to establish that Plaintiff is the legal owner of such rights. *See* 17 U.S.C. § 501(b); *Righthaven*, 716 F.3d at 1170; *Minden*

*Pictures*, 795 F.3d at 999. The Court therefore finds that Plaintiff has standing to sue for alleged infringements of the Asserted Works under the Copyright Act.

Plaintiff is **not** required to allege in detail all the specific terms of the assignment of intellectual property, or to somehow "prove" at this pleading stage that the underlying agreements exist. Under Fed. R. Civ. P. 8(a), a complaint must provide a "short and plain statement of the claim" to put the defendant on fair notice of the claims against it. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The FAC certainly does so.[3]

Nor does *Silvers* support Defendant's standing challenge. In *Silvers*, the central question presented was: "May an assignee who holds an accrued claim for copyright infringement, *but who has no legal or beneficial interest in the copyright itself*, institute an action for infringement?" 402 F.3d at 883 (emphasis added). The Court answered the question in the negative, pointing out, "[O]nly owners of an exclusive right in a copyright may sue." *Id.* at 886. But here, unlike in *Silvers*, the Plaintiff **has** properly alleged a sufficient legal interest in the Asserted Works themselves.

### B. Time of Ownership

Defendant also argues that Plaintiff lacks standing to sue because the FAC does not allege that Plaintiff held any rights in the photographs in 2015 or 2016—*i.e.*, during the time frame when the Asserted Works were purportedly infringed. Motion at 11–12. Indeed, Defendant makes the sweeping argument that under the express language of the Copyright Act **no** subsequent assignee can sue for infringement of a copyrighted work if that assignee did not own those assigned rights at the exact time of the infringement. *Id.*[4]

Not so. Under copyright law, an infringement claim may be assigned so long as "such causes of action are expressly included in the grant." *Lanard Toys Ltd. v. Novelty Inc.*, 511 F. Supp. 2d

---

[3] Defendant misreads *Iqbal*. While the Court is not required to accept implausible inferences or unwarranted legal conclusions, it **is** normally required to accept well-pled factual allegations. *Iqbal*, 556 U.S. at 663 ("[A] court must accept a complaint's allegations as true . . . ."). There is absolutely no legal basis for this Court to question the existence of the assignment agreements pled in the FAC.

[4] Defendant relies on a strained reading of 17 U.S.C. § 501(b), which provides that, "The legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while her or she is the owner of it."

5

1020, 1033 (C.D. Cal. 2007) (citing Nimmer on Copyright § 12.02[B]).  The Second Circuit expressly took up the question of whether an assignee could sue if that entity did not own those rights at the time of infringement.  *See ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971, 980–81 (2d Cir. 1991).  It held that a plaintiff does have the right to sue for infringements that occurred *before* it purchased the right to control the infringement claims where it had purchased "any and all rights assertable under copyright . . . which may have heretofore arisen or which may hereafter arise."  *Id.* at 980–81.  The Ninth Circuit in *Silvers* cited to this discussion in *ABKCO* with approval and, in doing so, clearly accepted the conclusion that a subsequent assignee (with a proper legal or beneficial interest) could sue for a *prior* infringement:

> This holding [in *ABKCO*] makes perfect sense, as it is consistent with the Act and with the constitutional purpose of encouraging authors and inventors by creating a limited monopoly on their works and inventions.  When one acquires a copyright that has been infringed, one is acquiring a copyright whose value has been impaired.  Consequently, to receive maximum value for the impaired copyright, one must also convey the right to recover the value of the impairment by instituting a copyright action.

*Silvers*, 402 F.3d at 890 n.1.[5]  Plaintiff meets that standard here.  Plaintiff alleges it holds the exclusive rights "to pursue any infringements of the Asserted Work[s], whether such infringements arose prior to execution of the written agreement(s) or thereafter."  FAC ¶ 33.  This is sufficient to allege standing.

---

[5] This result can be easily squared with the plain language of 17 U.S.C. § 501(b).  Section 501(b) stands for the unremarkable proposition that the legal or beneficial owner of a copyright has the right to institute an action for an infringement that occurred while that person owned those rights.  But nothing in the Copyright Act prevents that original owner from assigning those rights—including the right to sue—to another entity.  Section 501(b) is satisfied so long as the ***assignor*** owned the rights at the time of the infringement.

## V. CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Dismiss.

Dated:   August 20, 2024

_____
Hernán D. Vera
United States District Judge